## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:22-CV-62371-DIMITROULEAS/AUGUSTIN-BIRCH

**KELLY A. JONES,**

     **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

     **Defendant.**

_____/

### REPORT AND RECOMMENDATION ON
### PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

This cause comes before the Court on Plaintiff Kelly A. Jones' Motion for Attorney's Fees Pursuant to 42 U.S.C. §406(b). DE 29. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. *See* DE 30. Plaintiff previously obtained a remand of this case, DE 24, and Judge Dimitroleas thereafter awarded Plaintiff $7,638.84 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). DE 28. On remand, Defendant determined that Plaintiff was entitled to $136,492 in past-due benefits. *See* DE 29-1 at 4. Plaintiff now seeks approval for $26,484.16 in attorney's fees to be paid to her attorney from her past due benefits.[1] DE 29. Defendant neither supports nor opposes Plaintiff's Motion. DE 31.

Pursuant to 42 U.S.C. §406(b), a court can award reasonable attorney's fees when it renders a judgment favorable to the claimant, provided the fees do not exceed 25% of the past-due benefits

---

[1] Specifically, Plaintiff seeks $34,123 in attorney's fees, but she deducts the $7,638.84 in attorney's fees that Judge Dimitrouleas already awarded her counsel under the EAJA. DE 29 at 3.

the claimant received. Attorney's fees awarded under 42 U.S.C. § 406(b) "are awarded in addition to any attorney's fees a claimant's counsel may receive pursuant to the EAJA." *Lilley v. Comm'r of Soc. Sec.*, No. 20-80044-CIV, 2024 WL 1910692, at *2 (S.D. Fla. Apr. 15, 2024) (quotation marks omitted), *report and recommendation adopted sub nom. Lilley v. Saul*, No. 20-80044, 2024 WL 1908893 (S.D. Fla. Apr. 30, 2024). Although fees may be awarded under both provisions, "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quotation marks and alteration omitted). "[T]he attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

Here, Plaintiff's counsel seeks no more than 25% of Plaintiff's past due benefits, and Plaintiff's counsel has refunded the smaller EAJA award by deducting that amount from Plaintiff's current request for attorney's fees under 42 U.S.C. §406(b). Moreover, Plaintiff entered into a fee agreement with her counsel that authorized a payment of no more than 25% of her past-due benefits in exchange for her counsel's representation. DE 29-2. In light of the foregoing, the Court finds Plaintiff's attorney's fees to be reasonable and permissible under 42 U.S.C. § 406(b). Accordingly, the Court **RECOMMENDS GRANTING** Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [DE 29] and **AWARDING** Plaintiff $26,484.16 in attorney's fees.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 23rd day of October, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE